UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID MAGEE, JR.,

  Plaintiff,

  v.            CAUSE NO.: 3:18-CV-966-PPS-MGG

WANDA JOHNSON, et al.,

  Defendants.

OPINION AND ORDER

David Magee, Jr., a prisoner without a lawyer, is a pre-trial detainee in the St. Joseph County Jail. He alleges he has kidney problems and needs a special diet. He alleges he has not been served the diet he needs. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In *Kingsley v. Hendrickson*, 576 U.S. \_\_, \_\_; 135 S.Ct. 2466 (2015), the United States Supreme Court explained "in the absence

of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley,* 135 S.Ct. at 2473 (quoting *Bell*).

Inmates are entitled to be provided with adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Magee alleges the food served to him at the jail is inadequate because he needs a special diet as a result of his kidney problems. Magee alleges Wanda Johnson, the food services supervisor at the jail, is directly responsible for deciding what foods are served to him. He alleges she will not modify his diet even though he has told her to change it. What he has not alleged is that she has been given a medical order for a prescription diet plan. If she were refusing a medical order, Magee would state a claim. However, the complaint merely alleges that she will not change his diet based solely on his personal request. That does not state a claim.

Magee is also suing the Chief Executive Officer of the food service company, Eric J. Foss, who works in Chicago, not at the jail. Magee says he has written and told him he needs a special diet. There is no general respondeat superior liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Merely writing to an off-site supervisor is not sufficient to make that person liable. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Finally, Magee is suing Nurse Lynn and Warden Lawson because the nurse shared information about his medical records with the warden. The federal law governing health records is HIPAA. However, "HIPAA does not furnish a private right

of action." *Carpenter v. Phillips*, 419 Fed. Appx. 658, 659 (7th Cir. 2011). Moreover, providing medical information to jail officials about an inmate's health is not a violation of HIPAA. *See* 45 C.F.R. § 164.512(k)(5)(i)(F) (Medical information may be released to a correctional institution or law enforcement official in custody of an inmate when necessary for "[t]he administration and maintenance of the safety, security, and good order of the correctional institution.").

This complaint does not state a claim. Nevertheless, Magee may file an amended complaint if he has additional facts. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he has a medically prescribed diet, he needs to say so. If he can, he needs to provide a copy of the doctor's orders. He needs to state when, how, and to whom he has given a copy of the doctor's orders. He needs to explain how the medically ordered diet differs from the diet he is being served.

The clerk will send Magee a complaint form. If he files an amended complaint, he needs to follow the instructions on the form. Specifically, he must not write in the margins as he has done in this complaint. It is difficult to read documents without margins under any circumstances. However, this problem is made worse by the fact the court converts all paper filing into electronic documents by scanning them. This technology can cause writing in the margins to be "cut off" which makes the words difficult or impossible to read.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) form and send it to David Magee, Jr.;

(2) GRANTS David Magee, Jr., until **January 10, 2019**, to file an amended complaint on that form; and

(3) CAUTIONS David Magee, Jr., if he does not respond by the deadline, this case will be DISMISSED without further notice because the current complaint does not state a claim.

SO ORDERED on December 5, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT