UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID MAGEE, JR.,

              Plaintiff,

              v.                       CAUSE NO.: 3:18-CV-966-PPS-MGG

WANDA JOHNSON, et al.,

              Defendants.

OPINION AND ORDER

David Magee, Jr., a prisoner without a lawyer, is a pre-trial detainee in the St.
Joseph County Jail. He alleges he has kidney problems which required a special diet he
did not receive for three months. A filing by an unrepresented party "is to be liberally
construed, and a pro se complaint, however inartfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551
U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28
U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the
action is frivolous or malicious, fails to state a claim upon which relief may be granted,
or seeks monetary relief against a defendant who is immune from such relief.

Inmates are entitled to be provided with adequate food. *Knight v. Wiseman*, 590
F.3d 458, 463 (7th Cir. 2009). "In evaluating the constitutionality of conditions or
restrictions of pretrial detention . . . the proper inquiry is whether those conditions
amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In
*Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466 (2015), the United States Supreme

Court explained "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley*, 135 S.Ct. at 2473 (quoting *Bell*).

Magee alleges Dr. Tiemans and/or Dr. Wolff prescribed a special diet for him because of his kidney problems. He alleges he did not receive that diet from September 2018 to November 2018 and had infections and pain as a result. Magee alleges Warden Lawson put a copy of the prescribed diet orders in her files. He alleges all diets must be approved by her, but she refused to approve his special diet or tell Wanda Johnson, the food services supervisor, that he had a medically prescribed diet. Based on these allegations, Magee has stated a claim against Warden Lawson.

Magee is also suing Wanda Johnson because she did not feed him the medically prescribed special diet he told her he needed. However, because Warden Lawson neither approved the special diet nor told Johnson she had proof a doctor had prescribed it, the complaint does not plausibly allege her decision to continue to serve him a regular diet was not rationally related to a legitimate nonpunitive governmental purpose.

Magee is also suing the Chief Executive Officer of the food service company, Eric J. Foss, who works in Chicago, not at the jail. Magee says he wrote and told Foss he needed a special diet. There is no general respondeat superior liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George*

*v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Merely writing to an off-site supervisor is not sufficient to make that person liable. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Finally, Magee is suing Nurse Lynn Henkle because she gave the medical diet prescription paperwork to Warden Lawson. But since Warden Lawson was in charge of approving special diets, that was the right thing for her to do. Magee objects that she did not do more to help him get the diet he had been prescribed, but "'no prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (*quoting Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

For these reasons, the court:

(1) GRANTS David Magee, Jr., leave to proceed against Warden Lawson in her individual capacity for denying him a medically prescribed diet for his kidney problems from September 2018 to November 2018 in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Wanda Johnson, Eric J. Foss, and Lynn Henkle;

(4) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process with a copy of this order and the amended complaint (ECF 8) on Warden Lawson at the Saint Joseph County Jail; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Lawson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claim for which the plaintiff has been granted leave to proceed in this screening

order.

SO ORDERED on January 7, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT